UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL CAIN,

        Petitioner,

                                                    Case Number 15-10096
v.                                                  Honorable David M. Lawson

LORI GIDLEY,

       Respondent.

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING CASE**

On January 7, 2015, the petitioner, Darryl Cain, presently confined at the Oaks Correctional Facility in Manistee, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On March 12, 2015, he filed a motion to stay and hold the petition in abeyance, so that he might return to state court to exhaust additional claims. The respondent has not filed any response to the petitioner's motion to stay, and the time for doing so has passed. The Court finds that the request is lawful and will grant the motion.

I.

On October 27, 2010, after a jury trial in the Wayne County, Michigan circuit court, the petitioner was convicted of carjacking, Mich. Comp. Laws § 750.529a; unlawfully driving away a motor vehicle, Mich. Comp. Laws § 750.413; two counts of receiving and concealing stolen property, Mich. Comp. Laws § 750.5357; possession of a firearm by a felon, Mich. Comp. Laws § 750.224f; and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. On November 12, 2010, he was sentenced to 20 to 30 years in prison on the carjacking count, and lesser terms on the other offenses. The Michigan Court of Appeals

affirmed the petitioner's conviction, *People v. Cain*, 299 Mich. App. 27, 829 N.W.2d 37 (2012). On October 30, 2013, the Michigan Supreme Court vacated "that part of the Court of Appeals opinion stating that a 'completed larceny' is an element of unlawfully driving away a motor vehicle (UDAA)," affirmed the petitioner's convictions for carjacking and unlawfully driving away, and denied the petitioner's application for leave to appeal in all other respects. *People v. Cain*, 495 Mich. 874, 838 N.W.2d 150 (2013). The Supreme Court denied the petitioner's petition for a writ of certiorari on April 21, 2014. *Cain v. Michigan*, 134 S. Ct. 1895 (2014).

The petitioner filed his petition on January 7, 2015, challenging his conviction on the grounds that: (1) the prosecutor committed misconduct by improperly vouching for the complaining witness's credibility; (2) trial counsel was ineffective by failing to object to the prosecutor's improper comments; (3) the trial court's improper comment that the petitioner "was one of the perpetrators of the carjacking" deprived him of his due process right to a fair trial; (4) the convictions for both carjacking and unlawfully driving away a motor vehicle violated the Double Jeopardy Clause; (5) the petitioner's arrest was not supported by probable cause, and all evidence derived therefrom should be suppressed; (6) the use of a photographic array instead of a corporeal lineup was improper and violated the petitioner's right to due process; (7) the petitioner was denied due process when he was not arraigned within 48 hours of his arrest; (8) the prosecutor improperly withheld evidence favorable to the defense, contrary to the rule of *Brady v. Maryland*, 373 U.S. 83 (1963); (9) the complaint and warrant were facially insufficient to support the magistrate judge's determination that probable cause existed to bind the defendant over for trial; (10) the trial court abused its discretion by denying the petitioner's motion to suppress certain evidence and improper identification testimony; (11) the convictions for being a felon in possession of a firearm and

possession of a firearm during a felony violated double jeopardy; and (12) the trial court lacked subject matter jurisdiction over the case because no information was filed. The petitioner asserts that he exhausted his state court remedies on all of those claims except the alleged *Brady* violation, which he contends was omitted from his application for leave to appeal in the Michigan Supreme Court "because of [a] typing error." Pet. at 14.

The petitioner now asks that the Court hold his petition in abeyance so that he can return to state court to exhaust three new claims that were not presented during his direct appeal: (1) trial counsel was ineffective by failing to move for suppression of the improper identification testimony or for an evidentiary hearing to determine its admissibility; (2) trial counsel was ineffective by failing to locate or interview a witness who would have provided testimony favorable to the defense; and (3) trial counsel was ineffective by failing to object to certain improper comments made by the prosecutor during his rebuttal argument at closing.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present' their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns."

*Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that his state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* does not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The Sixth Circuit has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition. *See Griffin v. Rogers*, 308 F.3d 647, 652 & 652 n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d

777, 781 (6th Cir. 2002) (finding it "eminently reasonable" to dismiss unexhausted claims in a habeas petition and stay proceedings on the remaining claims pending exhaustion of state court remedies). The court of appeals recently reiterated this point:

> "[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics . . . the district court should stay, rather than dismiss, the mixed petition." [*Rhines v. Weber*, 544 U.S.] at 278, 125 S. Ct. 1528. This is because "[i]n such circumstance, . . . the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*; *see also Wagner*, 581 F.3d at 419 (considering a mixed habeas petition and "not[ing] that Petitioner's claims, particularly the unexhausted claims, are not 'plainly meritless,'" so "assuming Petitioner can show good cause for failing to present these claims to the state court in the first instance, we see no reason why the district court should not grant a 'stay and abeyance' while Petitioner exhausts in state court, should Petitioner opt against dismissing his unexhausted claims." (citation and footnotes omitted)).

*Cunningham v. Hudson*, 756 F.3d 477, 486 (6th Cir. 2014).

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claims. The petitioner may file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah*

*v. Conley*, 49 F.3d 1193, 1195-96 & 1196 n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.

The statute of limitations under 28 U.S.C. § 2244(d)(1) should give the petitioner cause for concern. The Supreme Court denied the petitioner's petition for a writ of certiorari on April 21, 2014. "AEDPA's one-year limitations period generally begins to run on the date that the state court judgment is deemed to have become final 'by the conclusion of direct review or the expiration of the time for seeking such review.'" *Johnson v. Rapelje*, 542 F. App'x 453, 454 (6th Cir. 2013) (quoting 28 U.S.C. § 2244(d)(1)(A)). "The conclusion of 'direct review' occurs upon the denial of certiorari in the United States Supreme Court or 90 days after a final judgment of the highest state court, when the period for seeking a writ of certiorari in the United States Supreme Court elapses." *Ibid.* (citing *Wall v. Kholi*, 562 U.S. 545, 131 S. Ct. 1278, 1282 (2011)). The petitioner filed the present petition on January 7, 2015, and his motion indicates that he has not yet filed any motion for relief from judgment as to his new unexhausted claims in the state trial court. Once the state trial court resolves any prospective motion that he may file, the petitioner has 21 days from the date of the state trial court's decision to appeal the trial court's ruling. Mich. Ct. R. 6.509(A), 7.205(A)(1). If the Court does not toll the limitations period during the pendency of the state court proceedings, then the applicable one-year limitations period likely will have expired and any subsequent habeas petition filed by him would be untimely, by the time that the state courts resolve any appeal from the trial court's denial of his second motion for relief from judgment. The respondent has not opposed the petitioner's request for a stay of proceedings.

The Court, therefore, will grant the petitioner's request to hold the petition in abeyance while he returns to the state courts to exhaust his additional claims. The petitioner alleges that the twelve claims raised in the original petition have been exhausted, but the new claims that he describes in

his motion to stay have not. The petitioner's claims do not appear to be "plainly meritless," *Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009), and he may assert that he did not previously raise these claims in the state courts due to the alleged ineffective assistance of his trial and appellate counsel. *Id.*, at 419, n.4 & 5. It does not appear that the petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by the petitioner in exhausting his state court remedies, this Court will impose upon the petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). The petitioner must ask this Court to lift the stay within twenty-eight days of exhausting his state court remedies.

III.

Accordingly, it is **ORDERED** that the petitioner's motion to hold the petition in abeyance [dkt. #7] is **GRANTED**.

It is further **ORDERED** that the petitioner must file an amended petition in this Court within **twenty-eight (28) days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **fifty-six (56) days** thereafter. If the petitioner returns to federal court with an amended petition, following exhaustion of his state court remedies, he must use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or adjudication of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated: April 29, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 29, 2015.

                             s/Susan Pinkowski
                             SUSAN PINKOWSKI