UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL CAIN,

       Petitioner,                                        Case Number 15-10096

v.                                                        Honorable David M. Lawson

LORI GIDLEY,

       Respondent.
_____/

## **ORDER DENYING MOTION FOR DISCOVERY**

This matter is before the Court on the petitioner's motion for discovery in this habeas proceeding. The petitioner contends that disclosure of certain documents relating to the police investigation and the state court proceedings in his case are necessary in order to substantiate the claims raised in his original and amended petitions.

The petitioner filed his original petition under 28 U.S.C. § 2254 on January 7, 2015. On April 29, 2015, the Court granted the petitioner's motion to stay the proceedings and hold the petition in abeyance while he returned to state court to exhaust certain additional claims. On October 25, 2016, the petitioner filed an amended petition, and the case was reopened. The amended petition raises nine issues relating to prosecutorial misconduct, ineffective assistance of trial and appellate counsel, trial court misconduct, double jeopardy violations, lack of probable cause for arrest, defects in a photographic lineup, *Brady* violations, lack of subject matter jurisdiction, and defects in the charging and arraignment process. After the amended petition was filed, the Court ordered the respondent to file a response and the materials from the state court record of proceedings required under Rule 5 of the Rules Governing Section 2254 cases. The response and Rule 5 materials were filed on February 27, 2017.

The Court has reviewed the petitioner's motion and finds that he has not shown that discovery is warranted in this case. "Habeas petitioners have no right to automatic discovery." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (internal quotation marks omitted). Rather, Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts permits a court to authorize discovery only upon a showing of good cause. *Ibid.* "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Ibid.* (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). The petitioner has not shown good cause to depart from the usual procedure disallowing discovery in habeas cases, and he has not established any good grounds to compel the disclosure of information beyond the Rule 5 materials.

Moreover, the function of this Court on habeas review is to decide whether the state courts unreasonably determined any facts or unreasonably applied any clearly established federal law when resolving those claims. The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Because the present petition and amended petition were filed after the AEDPA's effective date, its standard of review applies. Under that statute, if a claim was adjudicated on the merits in state court, a federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or

if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

This Court's review of the claims raised in the petition and the amended petition is restricted to the record before the state courts, and that record is provided by the respondent's filing of the materials required by Rule 5 of the Rules Governing Section 2254 Cases. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). If, upon further review of the petition and amended petition, the Court finds that the record of state court proceedings is incomplete or does not include all of the information considered by the state courts, then the Court may consider granting further appropriate relief. For now, however, the petitioner has not established that discovery of any additional information is required to resolve any of the claims raised in the original or amended petitions, and the Court therefore will deny the motion.

Accordingly, it is **ORDERED** that the petitioner's motion for an evidentiary hearing (ECF No. 18) is **DENIED**.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Date: February 15, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 15, 2019.

        s/Susan K. Pinkowski
        SUSAN K. PINKOWSKI